Matthew Shayefar (SBN 289685)
matt@shayefar.com
Law Office of Matthew Shayefar, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 323-948-8101 | Fax: 323-978-5556

Val Gurvits (MA 643572 - *pro hac vice* forthcoming)
vgurvits@bostonlawgroup.com
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804 | Fax: 617-928-1802

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSELLER EXPERT LIMITED,<br>    Plaintiff<br><br>vs.<br><br>VERISIGN INC., and<br>DOES 1-10,<br>    Defendants | Case No.:  2:19-cv-2036<br><br>**COMPLAINT FOR CONVERSION AND TRESPASS TO CHATTELS**<br><br>**DEMAND FOR JURY TRIAL** |

 This is a suit for conversion and trespass to chattels.  Defendants improperly and wrongfully transferred Plaintiff's rightful property, a domain name, to third parties.  Defendants had every reason to know that Plaintiff and its affiliates were the rightful owners and operators of the domain name, yet Defendants deprived them of their use and ownership of the domain name and transferred the domain to

third parties who had no legitimate claim to it, causing Plaintiff at least $500,000 in damages.

## Parties

1.      Plaintiff Bitseller Expert Limited ("**Bitseller**") is a limited company organized in and under the laws of the Republic of Cyprus.

2.      Defendant Verisign, Inc. ("**Verisign**") is a corporation incorporated in the State of Delaware and under the laws of Delaware with a principal place of business at 12061 Bluemont Way, Reston, VA 20190.

3.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, and therefore sues these defendants by fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the fictitiously named defendants is negligently or otherwise responsible in some manner, along with the named defendants, for the occurrences herein alleged, and Plaintiff's damages as herein alleged were legally and proximately caused by the acts and/or omissions of both the named and fictitiously named defendants.

4.      Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the thing hereinafter complained of, were

acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

**Jurisdiction and Venue**

5. This Court has subject matter of this action pursuant to 28 U.S.C. Section 1332, because Plaintiff is incorporated in the foreign nation of the Republic of Cyprus, and the Defendant is incorporated in Delaware, and the amount in controversy exceeds $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Verisign resides in this judicial district. In the alternative, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because there is no district in which the action may otherwise be brought and Verisign is subject to this Court's personal jurisdiction with respect to this action.

7. Verisign has registered with the Secretary of State of California to do business in the State of California since April 26, 1995. Verisign maintains a principal business office in the State of California.

8. Upon information and belief, Verisign maintains significant physical resources in the State of California (including servers, employees and other assets) that relate to the operation of its domain registry business.

9. Verisign has availed itself of the privilege of doing business in this Judicial District, including, without limitation, by filing legal process in this Judicial District.

# Facts

10. Accuracy Consulting Ltd. ("**Accuracy**") is a limited company organized in and under the laws of the British Virgin Islands.

11. Accuracy is the owner and registrant of the domain name radaris.com (the "**Radaris Domain Name**").

12. Bitseller is the operator of the website at the Radaris Domain Name (the "**Radaris Website**")

13. The Radaris Website is a public records search engine that provides publicly available information related to people, businesses, and real properties.

14. Verisign is the registry for the top-level domains ".com" and ".net."

15. On October 24, 2014, a group of attorneys based in Los Angeles, California filed a Class Action Complaint on behalf of a putative class of plaintiffs in the case titled *Huebner v. Radaris, LLC et al*, Case No. 3:14-cv-04735-VC in the Northern District of California (the "*Huebner* **Complaint**").

16. The *Huebner* Complaint alleged various wrongs arising from the operation of the Radaris Website.

17. The *Huebner* Complaint named two entities and an individual as defendants: Radaris, LLC, purportedly a Massachusetts Limited Liability Company ("**Radaris MA**"), Radaris America, Inc., a Delaware corporation ("**Radaris DE**"), and Edgar Lopin ("**Mr. Lopin**" and collectively with Radaris

MA and Radaris DE, the "*Huebner* **Defendants**"). The *Huebner* Complaint did not make any reference to Bitseller or Accuracy.

18. The *Huebner* Complaint incorrectly alleged that the *Huebner* Defendants owned and operated the Radaris Website and the Radaris Domain Name.

19. In reality, Bitseller operated the Radaris Website and Accuracy owned and was the registrant of the Radaris Domain Name.

20. At and about the time that the *Huebner* Complaint was filed, it was exceedingly easy for anyone to verify that neither Radaris MA nor Radaris DE owned or operated the Radaris Website or the Radaris Domain Name but instead that Bitseller operated the Radaris Website and Accuracy was the registrant of the Radaris Domain Name.

21. Among other simple methods to verify the foregoing, at all relevant times, the Terms of Use for the Radaris Website stated explicitly "OPERATING COMPANY: Radaris is operated by Bitseller Expert LIMITED, Nicosia Cyprus."

22. Among other simple methods to verify the foregoing, at all relevant times, the publicly available WhoIs information for the Radaris Domain Name showed that Accuracy was the registrant (i.e., owner) of the Radaris Domain Name.

23. As the domain name registry for all .com domain names, Verisign had easy access to search the WhoIs records for the Radaris Domain Name (in fact,

1  Verisign maintains a publicly accessible WhoIs search on its own website,

2  currently at https://www.verisign.com/en_US/domain-names/whois/index.xhtml).

3      24.    Beyond that, as the registry for .com domain names, Verisign is in

4  fact the very entity tasked to *maintain* the WhoIs database for .com domain names,

5  including the Radaris Domain Name. Accordingly, Verisign itself was

6  maintaining the information and data that confirmed that the Radaris Domain

7  Name was registered to Accuracy and not to any of the *Huebner* Defendants.

8      25.    On or about June 19, 2017, the Court in the *Huebner* case issued a

9  default judgment against the *Huebner* Defendants, a copy of which is attached

10 hereto as <u>Exhibit 1</u> (the "**Default Judgment**").

11     26.    The Default Judgment contains no reference to either Bitseller or

12 Accuracy. The Default Judgment does not include any statement that either

13 Bitseller or Accuracy were working in concert with the *Huebner* Defendants.

14     27.    The Default Judgment ordered that domain names operated by the

15 *Huebner* Defendants be transferred to the plaintiffs in the *Huebner* case.

16     28.    As already noted above, and verifiable by public records and records

17 maintained by Verisign, at no relevant time was the Radaris Domain Name

18 registered to or operated by the *Huebner* Defendants.

19     29.    At or about the time that the Default Judgment was issued, Accuracy

20 had registered the Radaris Domain Name through the domain name registrar

21 EuroDNS.

30. Following the issuance of the Default Judgment, in light of the fact, among other things, that the Radaris Domain Name was not registered to any of the *Huebner* Defendants subject to the Default Judgment, EuroDNS refused to transfer the Radaris Domain Name to the plaintiffs in the *Huebner* case.

31. In or about February 2018, the plaintiffs in the *Huebner* case requested that Verisign, as the registry for all .com domain names, transfer the registration and operation of the Radaris Domain Name to those plaintiffs.

32. On or about February 26, 2018, Verisign complied with the request of the plaintiffs in the *Huebner* case, despite the easily verifiable fact that the *Huebner* Defendants did not own or operate the Radaris Domain Name or the Radaris Website.

33. Accordingly, because Verisign knew, or should have known, that the Radaris Domain Name was not registered to the *Huebner* Defendants against whom the Default Judgment was levied, Verisign illegally converted and transferred the Radaris Domain Name away from Bitseller and Accuracy.

34. Following Verisign's transfer of the Radaris Domain Name, the Radaris Website was taken offline, which has caused serious and irreparable damage to Bitseller and Accuracy. Without limiting the foregoing, Bitseller lost a tremendous amount of traffic to the Radaris Website and suffered damage to its reputation and business relations.

35. On March 1, 2018, Bitseller and Accuracy filed an emergency motion for relief from the default judgment in the *Huebner* court, requesting that the *Huebner* court undo Verisign's actions.

36. On May 4, 2018, the *Huebner* court issued its ruling on the emergency motion, finding that there was nothing to permit a conclusion that Bitseller and Accuracy were acting in concert with the *Huebner* Defendants and that there was no evidence that Bitseller and Accuracy were involved in the unlawful conduct alleged in the *Huebner* Complaint.

37. Although the Radaris Domain Name and Radaris Website were eventually returned to Bitseller and Accuracy, they have suffered and continue to suffer the effects and damages sustained as a result of Verisign unlawfully and improperly transferring the Radaris Domain Name away from them.

38. Accuracy has assigned all its claims and rights against Verisign set forth herein to Bitseller.

## Count I

### Conversion

39. Bitseller repeats, realleges, and incorporates each and every allegation listed above the previous paragraphs as if set forth herein.

40. The Radaris Domain Name is the property of Accuracy.

41. The Radaris Website is the property of Bitseller.

42. Defendants intentionally and substantially interfered with and deprived Bitseller and Accuracy of their property by taking possession of and transferring the Radaris Domain Name, thereby preventing Bitseller and Accuracy from accessing and enjoying their respective property.

43. Bitseller and Accuracy did not consent to these actions.

44. Despite having every reason to know that it had no right or basis to transfer Bitseller's and Accuracy's property, Defendants did so any way.

45. Defendants' actions and omissions caused serious and irreparable harm and damages to Bitseller and Accuracy in the amount of no less than $500,000.

## Count II

### Trespass to Chattels

46. Bitseller repeats, realleges, and incorporates each and every allegation listed above the previous paragraphs as if set forth herein.

47. By the nature of its actions and omissions set forth herein, Defendants interfered with Accuracy's use and possession of the Radaris Domain Name and Bitseller's use and possession of the Radaris Website.

48. Bitseller and Accuracy did not consent to these actions.

49. Defendants' actions and omissions caused serious and irreparable harm and damages to Bitseller and Accuracy in the amount of no less than $500,000.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

WHEREFORE, Plaintiff requests the following relief:

1. Enter judgment for Plaintiff and against Defendants on all counts of Plaintiff's Complaint;

2. Award Plaintiff actual damages and losses as determined at trial, which should be in an amount of no less than $500,000;

3. Award Plaintiff consequential damages, punitive damages, attorneys' fees, multiple damages, treble damages, interests and costs as may be provided by law; and

4. Grant Plaintiff such other and further relief as the Court deems just and proper.

LAW OFFICE OF MATTHEW SHAYEFAR, PC

By /s/ *Matthew Shayefar*
   MATTHEW SHAYEFAR

BOSTON LAW GROUP, PC

By /s/ *Valentin Gurvits*
   VALENTIN GURVITS
   (*pro hac vice* forthcoming)

Attorneys for Plaintiff

Dated: March 19, 2019