UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | March 21, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a complaint filed by plaintiff Bitseller Expert Limited ("Plaintiff") against defendant Verisign Inc. ("Defendant"). (Docket No. 1.)

## I.   Subject Matter Jurisdiction

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." L.R. 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Plaintiff's complaint alleges that the Court possesses diversity jurisdiction over this action. (Compl. ¶ 5.) Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | March 21, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The complaint alleges that Plaintiff "is a limited company organized in and under the laws of the Republic of Cyprus." (Compl. ¶ 1.) Later, Plaintiff alleges that it "is incorporated in the foreign nation of the Republic of Cyprus." (Id. ¶ 5.) "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." Johnson, 437 F.3d at 899; see also Cohn v. Rosenfeld, 733 F.2d 625, 629 (9th Cir. 1984) ("Section 1332(a)(2) applies to foreign legal entities of all kinds, so long as the entity is considered a juridical person under the law that created it."). Plaintiff appears to allege its citizenship as if it were a corporation, which may be appropriate depending on its legal status. However, if Plaintiff is in fact a corporation, it has inadequately alleged its citizenship because it fails to allege the state or foreign state where it has its principal place of business.

Despite these deficiencies a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the complaint to attempt to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by April 5, 2019. The failure to file a First Amended Complaint by that date, or to adequately allege the Court's jurisdiction, may result in the dismissal of this action without prejudice.

**II.     Venue**

It also appears from the allegations of the complaint that venue may not be proper in this District.

28 U.S.C. § 1391(b) provides that

> [a] civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | March 21, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under the statute, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

      Here, Plaintiff asserts that "[v]enue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because [Defendant] resides in this judicial district." (Compl. ¶ 6.) However, Defendant is alleged to be "a corporation incorporated in the State of Delaware and under the laws of Delaware with a principal place of business [in] . . . Reston, VA . . . ." (Id. ¶ 2.) Defendant thus appears to be a resident of Delaware and Virginia. Plaintiff also alleges that Defendant "has registered with the Secretary of State of California to do business in the State of California since April 26, 1995"; "maintains a principal business office in the State of California"; "maintains significant physical resources in the State of California (including servers, employees and other assets) that relate to the operation of its domain registry business"; and "has availed itself of the privilege of doing business in this Judicial District, including, without limitation, by filing legal process in this Judicial District." (Id. ¶¶ 7-9.) While these allegations may indicate that Defendant has some connection to California, they fail to establish any connection specifically to this District or relating to this action.

      Plaintiff alleges that "[i]n the alternative, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because there is no district in which the action may otherwise be brought and [Defendant] is subject to this Court's personal jurisdiction with respect to this action." (Compl. ¶ 6.) However, it is unclear why this action could not be brought either in Delaware or Virginia.

      Accordingly, in the event that Plaintiff elects to file a First Amended Complaint, the Court orders Plaintiff to show cause, in writing, no later than April 5, 2019 why this action should not be dismissed for improper venue or transferred to a more convenient forum. See 28 U.S.C. § 1406(a). All factual matters relied upon in Plaintiff's submission must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following:

1. Whether this action could have been brought in either the District of Delaware or the Eastern District of Virginia[1/];

---

    [1/]    Reston, Virginia is located in Fairfax County, which is in the Eastern District of Virginia. See 28 U.S.C. § 127.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | March 21, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

2. Whether venue is appropriate in either the District of Delaware or the Eastern District of Virginia;

3. What contacts, if any, each of the parties has to the Central District of California ("Central District"), the District of Delaware, and the Eastern District of Virginia. Plaintiff should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. What connection Plaintiff's causes of action has to the Central District, the District of Delaware, and the Eastern District of Virginia;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the District of Delaware and the Eastern District of Virginia;

7. The ease of access to sources of proof in each of these three forums;

8. The expected difference in the cost of litigation in the Central District as compared to the District of Delaware and the Eastern District of Virginia; and

9. Whether there are any alternative forums, other than the Central District, the District of Delaware, and the Eastern District of Virginia, that would be more convenient for this action and why, keeping in mind the inquiries above.

Plaintiff is ordered to serve a copy of this Order on Defendant within three (3) court days of the date of this Order or at the time of service if Defendant has not been served. Failure to timely respond to this Order may result in the dismissal of this action.

IT IS SO ORDERED.