# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RADARIS, LLC, et al., <br><br> Defendants. | Case No. 14-cv-04735-VC <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. Nos. 46, 49 |

The plaintiffs' motion for default judgment is granted. The defendants haven't appeared at any of the proceedings in this action, including the hearing on default judgment, despite proper service of process. *See* Dkt. Nos. 20, 22, 23, 35, 39, 41, 47, 51. The *Eitel* factors have been satisfied. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). And the certified class and subclass have received adequate notice under Rule 23, with no class members opting out.[1] *See* Dkt. Nos. 44, 46-1. Accordingly, the Court concludes as follows:

**I.      Liability**

1. Defendants are a consumer reporting agency pursuant to 15 U.S.C. §§ 1681a(f), (d)(1), and (e), and a nationwide specialty consumer reporting agency under 15 U.S.C. § 1681a(x).

---

[1] The Court has certified a class and subclass in this action. *See* Dkt. No. 42. The "FCRA Class" ("Class") consists of all persons in the United States who have had information relating to their creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Radaris from four years prior to the filing of the Complaint to the date judgment is entered. The "California Subclass" ("Subclass") consists of all California residents whose names, photographs, or likenesses Radaris has used – or for whom the names, photographs, or likenesses of their deceased personalities Radaris has used – on or in products, merchandise, or goods, or for purposes of advertising, selling, or soliciting purchases of products, merchandise, goods, or services, without prior consent from the person or persons, from four years prior to the filing of the Complaint to the date judgment is entered.

2. Defendants failed to maintain reasonable procedures to limit the furnishing of consumer reports for permissible purposes under 15 U.S.C. § 1681b(a), and failed to limit the furnishing of reports to those who had a permissible purpose to use such a report under 15 U.S.C. § 1681e(a).

3. Defendants have furnished consumer reports for employment purposes but have failed to make the FCRA disclosures required by 15 U.S.C. § 1681b.

4. Defendants failed to provide Furnisher Notices to Furnishers and User Notices to Users as required by the FCRA under 15 U.S.C. §§ 1681e(d)(1), (d)(2), and (b).

5. Defendants violated 15 U.S.C. § 1681g and 15 U.S.C. § 1681h by failing to disclose to Plaintiffs and other members of the Class, among other things, all the information in their files when they request file disclosures, failing to disclose the sources of that information, failing to identify each person who procured a consumer report, and failing to provide them with a summary of rights prepared by the Consumer Financial Protection Bureau.

6. Defendants violated 15 U.S.C. § 1681i by failing, upon notification by Plaintiffs and other members of the Class, to conduct a reasonable reinvestigation to determine whether disputed information contained in their consumer reports was inaccurate, to delete or modify this information within 30 days, and to notify Plaintiffs and other members of the Class of the result of the reinvestigation consistent with 15 U.S.C. § 1681i(a)(6)(B).

7. Defendants failed to post a toll-free telephone number on the Radaris website through which consumers can request free annual file disclosures, in violation of 15 U.S.C. §§ 1681j(a)(1)(C), 1681e(d), 1681e(b), and 12 C.F.R. §§ 1022.130 *et seq.*

8. With respect to the California Subclass, Defendants violated numerous provisions of California's Investigative Consumer Reporting Agencies Act, including California Civil Code sections 1785.10(a)-(e), 1785.11(a) and (b), 1785.14(a) and (b), 1785.15, 1785.16, 1785.18(a) and (b), 1786.10(b) and (c), 1786.11, 1786.12, and 1786.24.

9. Also with respect to the California Subclass, Defendants have knowingly used the names, photographs, or likenesses of the plaintiffs and other California consumers and deceased

2

personalities for purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages.

## II.     Relief

1.      Defendants are jointly and severally liable for $7,500,000.  *See* 15 U.S.C. § 1681n(a)(1)(A); Dkt. No. 46 at 17-18.

2.      Defendants are ordered to pay post-judgment interest on the judgment amount from the date of judgment until the judgment amount is paid in full.  Interest will be calculated pursuant to 28 U.S.C. § 1961.

3.      The privacy protection service of radaris.com or related domains for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Class Counsel the true names and identities and contact information of those registrants.

4.      All banks, savings and loan associations, payment processors, or other financial institutions, payment providers, third-party payment processors, including but not limited to Bank of America, Wells Fargo, Citibank, JP Morgan Chase, American Express, Capital One, PayPal, Discover, and all advertising service providers of Defendants (including but not limited to Google, Apple, Facebook, LinkedIn, and Instagram), shall, upon receiving notice of this Order, immediately locate all accounts connected to Defendants or radaris.com and all other websites that display, publish, or disseminate information about Class members that are operated by Defendants, and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made by Defendants from such accounts pending further order of this Court.

5.      Injunctive relief as follows:

   a.      Defendants, Defendants' officers, agents, servants, employees, and all other persons in active concert or participation with any of them, or third parties providing services used in connection with Defendants' operations who receive actual notice of this

3

Order, including but not limited to domain name registrars, domain name registries, website hosts, internet search engines, and internet service providers, whether acting directly or indirectly, are immediately ordered to cease hosting, using, linking to, transferring, selling, facilitating access to, exercising control over, or otherwise owning the domain name radaris.com, radaris.net, radaris.us, radaris.biz, radaris.info, radaris.org, trustoria.com, and all other websites that display, publish, or disseminate information about Subclass members that are operated by Defendants ("Subject Domain Names").

      b.     All website hosting, website optimization, website service provider, or cloud computing services (including but not limited to Amazon, Microsoft, Cisco, Google, Oracle, Verizon, Rackspace, and Cogeco Peer 1), and any other entity or person that provides services to or in connection with the Subject Domain Names shall cease all website services made in connection with the Subject Domain Names. All web service or cloud computing services (including but not limited to Amazon, Microsoft, Cisco, Google, Oracle, Verizon, and Rackspace) shall cease housing and shall delete all databases underlying the Subject Domain Names or used by the Subject Domain Names, except to the extent those databases reflect internal data belonging to the web service or cloud computing service itself. Defendants shall permanently delete all copies of data stored, used, or collected and made available through the Subject Domain Names; shall cease collecting, assembling, and displaying such data on the Subject Domain Names or elsewhere; and shall not transfer such data to third parties except as authorized by this Order or required by law.

      c.     The domain name registrars for the Subject Domain Names (including but not limited to Godaddy.com) shall transfer to Plaintiffs the domain name certificates for the Subject Domain Names and/or shall transfer exclusive control of the Subject Domain Names to Plaintiffs. The domain name registrars for the Subject Domain Names shall immediately assist in changing the registrar of record for such domains to a registrar of Plaintiffs' choosing. To the extent that the registrars do not assist in changing the registrars of record for the domains under their control within 1 business day of receipt of this Order, the top-level domain (TLD) registrars

4

(or their administrators) for the Subject Domain Names within 5 business days of receipt of this Order shall change or assist in changing the registrars of record for the Subject Domain Names to a registrar of Plaintiffs' choosing. Plaintiffs may thereafter elect to direct the registrar to institute a domain name redirection that will automatically redirect any visitor to the Subject Domain Names to the uniform resource locator (URL) http://radarisclassaction.com, whereon copies of this Order and other documents related to this case are displayed, and place the Subject Domain Names on lock status to prevent the modification of deletion of the domains. To the extent that the TLD registrars for the Subject Domain Names do not change the registrars of record for the Subject Domain Names, the domain name registries shall transfer or assist in transferring the Subject Domain Names to Class Counsel.

    d.  Plaintiffs may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to a new domain name or website and thereby evade the provisions of this Order.

    e.  All advertising service providers of Defendants, including but not limited to Google, Inc. and Apple, Inc., shall cease all advertising for radaris.com and all other websites that display, publish, or disseminate information about Subclass members that are operated by Defendants, including but not limited to ceasing all advertisements through Google AdWords advertisements, iTunes, or Google Play, and shall cease offering for sale any applications that display, publish, or disseminate information about Subclass members that are operated by Defendants.

  6.  Class counsel shall post a copy of this Order on the website devoted to this action.

  7.  There is no reason for delay in the entry of judgment against Defendants and judgment will be entered pursuant to Fed. R. Civ. P. 54(b).

  Any third parties subject to this Order may seek relief from the Court if they believe the scope of injunctive relief requires clarification or correction. The plaintiffs may likewise return

to the Court if they believe additional measures are required to give effect to the Court's judgment.

Distribution of class funds and attorney's fees will be determined after the plaintiffs file a status report explaining the extent to which they've been able to collect on the judgment. The plaintiffs' status report will be due no later than June 7, 2018, and must include an explanation of the plaintiffs' efforts to collect and their expectation for any further recovery. The plaintiffs' status report should also lay out their plan for distributing any recovered funds to the class, to a cy-pres beneficiary, and/or in the form of attorney's fees. This case will remain open pending resolution of these issues.

**IT IS SO ORDERED.**

Dated: June 19, 2017

_____

VINCE CHHABRIA
United States District Judge

6