Matthew Shayefar (SBN 289685)
matt@shayefar.com
Law Office of Matthew Shayefar, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 323-948-8101 | Fax: 323-978-5556

Val Gurvits (MA 643572 - *pro hac vice*)
vgurvits@bostonlawgroup.com
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804 | Fax: 617-928-1802

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSELLER EXPERT LIMITED,<br>    Plaintiff<br><br>vs.<br><br>VERISIGN INC., and<br>DOES 1-10,<br>    Defendants | Case No.: 2:19-cv-02036-PA-GJS<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiff Bitseller Expert Limited ("Bitseller") hereby responds to the Court's order to show cause as to why this action should not be dismissed for improper venue or transferred to a more convenient forum, as set forth in the Court's Order dated March 21, 2019 (D.E. 11). As set forth in greater detail below, the Central District of California is the appropriate and most convenient forum for this dispute because a substantial part of the events or omissions giving

rise to Bitseller's claims occurred in this juridical district.  This case arises out of a group of attorneys based in Los Angeles, California, obtaining from a court in California an obviously incorrect default judgment in another litigation, which Defendant Verisign Inc. ("Verisign") used to improperly and unlawfully transfer and damage Bitseller's property.  Accordingly, the Central District of California is the correct and most convenient venue for this litigation because it is where those third-party attorneys reside and where they, in conjunction with Verisign, took the actions that resulted in damage to Bitseller.  Moreover, the very contract with the governing body of domain names which gives Verisign the ability to engage in the wrongful acts that constituted the basis for this lawsuit is a contract that is subject to the jurisdiction and exclusive venue of this judicial district.

Put another way, attorneys in *this* judicial district, delivered a default judgment, issued from a court *in California*, to Verisign, who, pursuant to its power through an agreement subject to *this* Court's jurisdiction, unlawfully transferred the radaris.com domain name to the attorneys in *this* judicial district.

Bitseller discusses these issues further below as part of responding to the nine issues referenced by the Court in its order to show cause:

**1.       Whether this action could have been brought in either the District of Delaware or the Eastern District of Virginia.**

This action could have been brought in either the District of Delaware or the Eastern District of Virginia.  However, for the reasons set forth below, bringing the action in any other district would have been inappropriate and over-burdensome.

**2.       Whether venue is appropriate in either the District of Delaware or the Eastern District of Virginia.**

Venue would be inappropriate in either the District of Delaware or the Eastern District of Virginia because, as set forth in detail below, the most significant actions and omissions giving rise to Bitseller's claims occurred in this judicial district, including actions by important non-parties that reside in this judicial district.  As further set forth below, the important non-party witnesses to this action are located in this judicial district and there would be no process to compel their attendance as witnesses at trial if trial were to be held in the District of Delaware or the Eastern District of Virginia.

**3.       What contacts, if any, each of the parties has to the Central District of California ("Central District"), the District of Delaware, and the Eastern District of Virginia.**

Bitseller notes that its ability to provide a full and complete response to this subject is significantly hampered because the extent of Verisign's contacts with this judicial district (or any other judicial district) are known at this time only to Verisign, and Bitseller does not yet have the benefit of discovery to set forth for the Court a full statement of all contacts.  Nonetheless, Bitseller's counsel has been

able to find significant contacts between Verisign and this judicial district, as well as some contacts between Verisign and the District of Delaware and the Eastern District of Virginia.

Verisign first registered to do business in the State of California on April 26, 1995. *See* Declaration of Matthew Shayefar in Support of Order to Show Cause ["Shayefar Decl."], filed herewith, ¶ 1. In its initial registration, Verisign listed both its principal executive office and principal office in the State of California as 100 Marine Parkway, Suite 500 in Redwood City, California. *Id.*, Ex. 1. Between 1995 and 2010, Verisign maintained its principal place of business in California, at some time moving its office to 487 East Middlefield Road in Mountain View, California. *Id.*, Ex. 3. In 2010, Verisign moved its principal place of business to Virginia, eventually settling at 12061 Bluemont Way in Reston, Virginia, where it currently maintains its headquarters and executive offices. *Id.*, Exs. 3-5, and Ex. 6, p. 1. However, still unto this day, Verisign remains registered with the Secretary of State of California. *Id.*, Ex. 5. Verisign is a Delaware corporation and its shares are publicly traded on Nasdaq. *Id.*, Exs. 6 and 7.

Verisign's registration with the Secretary of State of California states that it maintains a principal business office in California at 529 Bryant Road in Palo Alto, California. *Id.*, Ex. 5. 529 Bryant Road is actually a data center hosting internet servers and other internet technologies. Shayefar Decl., Ex. 8. It is apparent therefore that Verisign maintains a technological presence in California.

Verisign states that it manages the DNS infrastructure for over 153 million domain names, including .com and .net domain names.  Shayefar Decl., Ex. 7. Verisign's exclusive management and operation of all .com domain names is pursuant to that certain Registry Agreement that it entered into with the Internet Corporation for Assigned Names and Numbers ("ICANN"), a California nonprofit public benefit corporation.  *Id.*, Ex. 9.  *See*, *also*, *Id.*, Ex. 6, p. 4 ("We are the exclusive registry of domain names within the *.com*, *.net*, and *.name* generic top-level domains ('gTLDs'), among others, under agreements with ICANN and also, with respect to the *.com* agreement, the U.S. Department of Commerce ('DOC')."). A copy of that Registry Agreement is attached as Exhibit 10 to the Declaration of Matthew Shayefar filed herewith.  The Registry Agreement states that "[d]isputes arising under or in connection with this Agreement" are subject to arbitration occurring in Los Angeles, California and that the "jurisdiction and exclusive venue for [] litigation shall be in a court located in Los Angeles County, California, USA."  Shayefar Decl., Ex. 10, § 5.1(b).

Verisign appears to take part in litigation in courts all around the United States, but it is no stranger to California's court's, including this Judicial District. A PACER search for Verisign returns 67 results.  Shayefar Decl., ¶ 10.  Included among those cases is *Forest Ambulatory Surgical Associates, L.P. v. United Healthcare Insurance Company et al*, Case No. 2:12-cv-02916-PSG-FFM (C.D. Cal.), in which Verisign was a defendant.  Although that lawsuit was originally

removed from state court to the Northern District of California, in March of 2012, after Verisign had already purportedly moved its principal offices to Virginia, Verisign filed a motion *to change venue to the Central District of California*. Shayefar Decl., Ex. 11.

Undersigned counsel also reviewed Verisign's latest Form 10-K filing with the United States Securities and Exchange Commission, which is attached as Exhibit 6 to the Shayefar Declaration, to determine the further information requested from the Court. The Form 10-K states that Verisign owns real estate in Reston and Dulles, Virginia and New Castle Delaware, but does not indicate where in the United States Verisign leases real estate. Shayefar Decl., Ex. 6, p.21. The Form 10-K also does not separate out Verisign's revenues by state, though Verisign had $756,907,000 in revenue from the entire United States in 2018. *Id.*, p. 29.

Bitseller, on the other hand, other than its connection to this judicial district for the reasons set forth below giving rise to this litigation, has no specific connection to the Central District of California, the District of Delaware or the Eastern District of Virginia, as it is incorporated in Cyprus and operated out of Ukraine. Shayefar Decl., Ex. 13, ¶ 1; Ex. 14, ¶ 3, Ex. 15.

**4.      What connection Plaintiff's causes of action has to the Central District, the District of Delaware, and the Eastern District of Virginia**

Plaintiff's causes of action arise out of actions and omissions taken in the Central District of California.

On October 24, 2014, attorneys Anthony J. Orshansky and Justin Kachadoorian of the firm CounselOne, P.C. filed a class action complaint against the parties Radaris, LLC, Radaris America, Inc. and Edgar Lopin in the Northern District of California (the "*Huebner*" case) alleging, incorrectly, that those defendants owned and operated the radaris.com website.  Shayefar Decl., Ex. 16.  CounselOne, P.C. maintains its office at 9201 Wilshire Boulevard, Suite 650 in Beverly Hills, California (in this Judicial District).  *Id.*, Ex. 17.  Attorneys Orshansky and Kachadoorian still today maintain their practices at CounselOne, P.C. in Beverly Hills.  *Id.*, Exs. 18-19.

On September 29, 2016, Attorneys Orshansky and Kachadoorian[1] (again, operating from their offices in this judicial district), moved the *Huebner* court for a default judgment to, *inter alia*, take control of the radaris.com domain name and website.  Shayefar Decl., Ex. 21.  The *Huebner* court issued a default judgment on June 19, 2017.  *Id.*, Ex. 22.

---

[1] With the addition of yet another attorney based in Beverly Hills, Attorney Alexandria R. Kachadoorian.  Shayefar Decl., Ex. 20.

Although Bitseller of course does not have access to the correspondence between CounselOne and Verisign at this time, it is apparent that CounselOne, from *this* judicial district, delivered that default judgment, issued from a court *in California*, to Verisign, who on February 26, 2018, pursuant to its power through the ICANN Registry Agreement subject to *this* Court's jurisdiction, unlawfully transferred the radaris.com domain name to CounselOne in *this* judicial district. Plaintiff's causes of action in its First Amended Complaint arise entirely out of this series of facts, all of which are connected to this judicial district with actors in this judicial district.

Thereafter, as detailed in the First Amended Complaint, Bitseller was left with no option but to be dragged into the California court to seek emergency relief in the *Huebner* case to regain control of the domain name and website at radaris.com. After the *Huebner* court issued a ruling in favor of Bitseller, undersigned counsel worked directly with the CounselOne attorneys in Beverly Hills to have the domain names transferred back. Shayefar Decl., Ex. 23.

**5.    Which witnesses are expected to be called and where they reside.**

Bitseller expects that attorneys Anthony J. Orshansky, Justin Kachadoorian, and Alexandria R. Kachadoorian will be called as witnesses in this case. Although Bitseller does not have knowledge of their personal residences, each of their registrations with the State Bar of California show that they maintain their businesses addresses within this judicial district at 9301 Wilshire Boulevard, Suite

650, Beverly Hills, California.  Shayefar Decl., Exs. 18-20.  Bitseller has also retained an expert witness who is based in Southern California.  Bitseller's internal witnesses are based in the Ukraine.  Bitseller has no knowledge at this time who Verisign's witnesses may be and where they may reside.

**6.    The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the District of Delaware and the Eastern District of Virginia.**

The only non-party witnesses known at this time are attorneys Anthony J. Orshansky, Justin Kachadoorian, and Alexandria R. Kachadoorian, each of whom are expected to be unwilling witnesses to this action.  Given that each of them is based in the Central District, the Parties would be able to compel their attendance at a trial in the Central District pursuant to Federal Rule of Civil 45(c)(1).  However, no compulsory process could compel their attendance at a trial in the District of Delaware or the Eastern District of Virginia because (A) they do not reside, are not employed, and are not known to regularly transact business in person within 100 miles of either the courts in the District of Delaware or the Eastern District of Virginia, and (B) a trial in the District of Delaware or the Eastern District of Virginia would not be within the state that they reside, are employed or are known to regularly transact business in person.  F.R.C.P. 45(c)(1).  Accordingly, the Parties would be barred from having perhaps the most important witnesses not present at the trial in this matter if this case was transferred to the District of Delaware or the Eastern District of Virginia.

**7. The ease of access to sources of proof in each of these three forums.**

The only difference relating to ease of access to sources of proof relates to the CounselOne and its three attorneys based in this Judicial District. It can be expected that CounselOne and its three attorneys will object to any discovery on them in this matter. If this litigation is transferred to the District of Delaware or the Eastern District of Virginia, any objections to discovery by CounselOne and its three attorneys will be complicated because the objections will still have to be resolved in this Court while the remainder of the litigation is pending elsewhere. Significant judicial resources would be saved if the entire litigation takes place where these witnesses are located.

Given that Bitseller is based entirely out of the United States, there would be no additional ease to accessing its sources of proof if this litigation is transferred to the District of Delaware or the Eastern District of Virginia. Bitseller has no knowledge about any difference in accessing Verisign's sources of proof if the litigation is transferred.

**8. The expected difference in the cost of litigation in the Central District as compared to the District of Delaware and the Eastern District of Virginia.**

The only expected difference in the cost of litigation arises from the same matters set forth above in Sections 6 and 7. Bitseller expects significant unwillingness from CounselOne and its attorneys in this judicial district to comply with discovery and appearance at trial. All parties would suffer significantly

higher expenses if they were required to litigate their unwillingness on this side of the country while the rest of the litigation was taking place on the other side of the country.

**9. Whether there are any alternative forums, other than the Central District, the District of Delaware, and the Eastern District of Virginia, that would be more convenient for this action and why, keeping in mind the inquiries above.**

For the reasons set forth above, Bitseller is unaware of any alternative forums that would be more convenient.

## Conclusion

For the reasons detailed above, Plaintiff Bitseller submits that Central District of California is not only an appropriate venue in which to bring this action, but the *most* appropriate venue in which to bring this action.

LAW OFFICE OF MATTHEW SHAYEFAR, PC

By /s/ *Matthew Shayefar*
    MATTHEW SHAYEFAR

BOSTON LAW GROUP, PC

By /s/ *Valentin Gurvits*
    VALENTIN GURVITS
    (*pro hac vice*)

Attorneys for Plaintiff

Dated: April 5, 2019