# Exhibit
# 16

1   ANTHONY J. ORSHANSKY, Cal. Bar No.199364
    anthony@counselonegroup.com
2   JUSTIN KACHADOORIAN, Cal. Bar No. 260356
    justin@counselonegroup.com
3   COUNSELONE, P.C.
    9301 Wilshire Boulevard, Suite 650
4   Beverly Hills, California 90210
    Telephone: (310) 277-9945
5   Facsimile: (424) 277-3727

6   Attorneys for Plaintiff JOHN HUEBNER and IRMIN
    LANGTON, on behalf of themselves and others similarly
7   situated

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12  JOHN HUEBNER and IRMIN LANGTON,          Case No.
    on behalf of themselves and others similarly
13  situated,                                 **CLASS ACTION COMPLAINT FOR:**

14                          Plaintiffs,          **(1)  Violations of the Fair Credit
                                                      Reporting Act, 15 U.S.C. § 1681b**
15               v.                              **(2)  Violation of the Fair Credit
                                                      Reporting Act, 15 U.S.C. § 1681e**
16  RADARIS, LLC, a Massachusetts limited       **(3)  Violation of the Fair Credit
    liability company; RADARIS AMERICA,               Reporting Act, 15 U.S.C. § 1681g & h**
17  INC., a Delaware corporation; and EDGAR     **(4)  Violation of the Fair Credit
    LOPIN, an individual,                             Reporting Act, 15 U.S.C. § 1681i**
18                                              **(5)  Violation of the Fair Credit
                            Defendants.               Reporting Act, 15 U.S.C. § 1681j**
19                                              **(6)  Violation of the Cal. Investigative
                                                      Consumer Reporting Agencies Act,
20                                                    Cal. Civ. Code §§ 1786 *et seq.***
                                                **(7)  Violation of the Cal. Consumer
21                                                    Credit Reporting Agencies Act, Cal.
                                                      Civ. Code §§ 1785 *et seq.***
22                                              **(8)  Violation of California Civil Code §
                                                      3344**
23                                              **(9)  Misappropriation of Likeness**
                                               **(10) False Light**
24                                             **(11) Violations of Cal. Bus. & Prof. Code
                                                      §§ 17200 *et seq.***
25

26                                              **DEMAND FOR JURY TRIAL**

27

28

─────────────────────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

Plaintiffs JOHN HUEBNER and IRMIN LANGTON (hereinafter, "Plaintiffs"), on behalf of themselves and all others similarly situated, complains of Defendants RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC. (together with Radaris, LLC, "Radaris"), a Delaware corporation, and EDGAR LOPIN, an individual, as follows:

## **NATURE OF ACTION**

1. Radaris operates a website—www.radaris.com—that allows users to search for consumers based on a number of categories, including name, email address, and phone number.

2. In response to a query, Radaris provides consumers with private, sensitive, and often erroneous information about virtually anyone in the United States. Radaris's customers can obtain information on virtually anyone's age, address, relatives, and a host of other information.

3. This information poses a threat to the personal safety of persons whose information appears on the website, where anyone in the world—including criminals—can obtain free information or purchase it with ease for a small price.

4. Radaris also compiles a large amount of employment-related information on persons, including job history, resumes, and professional reviews. Some of this information is incomplete or inaccurate and gives an inaccurate picture of the person, affecting that person's job prospects.

5. Despite Radaris's practice of compiling, creating, and selling consumer reports, the company publicly maintains that it is not a consumer reporting agency and not subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

6. Radaris also posts information and photographs of persons, including deceased persons, from various sources without their consent.

7. Plaintiffs bring this class action for violations of the FCRA, 15 U.S.C. §§ 1681 et seq.; the California Investigative Consumer Reporting Agencies Act, California Civil Code §§ 1786 et seq.; the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785 *et seq.*; and California Civil Code § 3344, among other applicable laws. Plaintiffs seek damages, penalties, and equitable and injunctive relief on behalf of themselves and others similarly situated.

///

///

---

1

CLASS ACTION COMPLAINT

**PARTIES**

8. At all times mentioned herein, Defendant Radaris, LLC was and is a Massachusetts limited liability company with its principal place of business in Brighton, Massachusetts. Radaris, LLC was and is engaged in the business of owning, operating, administering, and promoting information-sharing websites and e-commerce websites.

9. At all times mentioned herein, Defendant Radaris America, Inc. was and is a Delaware corporation with its principal place of business in Newton, Massachusetts. Radaris America, Inc. was and is engaged in the business of owning, operating, administering, and promoting information-sharing websites and e-commerce websites.

10. At all times mentioned herein, Defendant Edgar Lopin ("Lopin") is and during the facts alleged in this Complaint was an individual residing in Massachusetts engaged in the business of managing and operating Radaris. Lopin was and is an individual and managing officer of Radaris and Radaris America and, upon information and belief, substantially runs and operates and is therefore responsible for the content on the website radaris.com.

11. Defendants Radaris America, Inc., Radaris, LLC, and Lopin are collectively referred to herein as "Defendants."

12. At all times mentioned herein, Plaintiffs, and each of them, are and were residents of the State of California.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the transactionally related state law claims under 28 USC § 1367(a).

14. This Court also has jurisdiction pursuant to 28 U.S.C. § 1441(a) based on 18 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed nationwide class consists of more than 100 members; (ii) at least some class members have a different citizenship from Defendants; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

15. Venue is proper pursuant to 28 U.S.C. §§ 84(a) and 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction with respect to this action in this judicial district.

CLASS ACTION COMPLAINT

## **BACKGROUND**

16. Since at least 2011, Defendants have offered an online service allowing consumers to request background checks about virtually any person in the United States. In response to consumer requests, Defendants obtain information from various sources and assembles it into detailed reports that it provides users.

17. Such reports may contain numerous items of information, including but not limited to age, employer, current and previous addresses, phone numbers, email addresses, arrest and conviction records, the identity of relatives, property records, marriage and divorce records, and lawsuit records.

18. Much of this information is free, but consumers can obtain more detailed information for a fee, which varies depending on the level of detail desired, or by purchasing a membership.

19. The information in Defendants' reports is often inaccurate or incomplete. For example, the report on Plaintiff Huebner includes an incorrect and/or outdated work history that presented an incomplete picture of his qualifications. This was particularly harmful to Huebner because he was actively seeking employment throughout the time that Defendants displayed this inaccurate information about him and he has yet to find employment. Moreover, the report contains inaccurate information about Plaintiff Huebner's name (incorrectly listing aliases), his relatives, and his place of residence. Upon information and belief, Radaris's reports contain numerous inaccuracies which Plaintiffs and other consumers are unaware of because the company provides them with no procedure to review their files. Defendants' website also includes photographs of consumers like Plaintiffs, including photographs that are not or are no longer publicly available online or elsewhere.

20. Worse still, Defendants' procedures for correcting or deleting incomplete or incorrect information are either ineffective or non-existent. Plaintiffs, and each of them, like many other consumers, repeatedly tried to correct or remove inaccurate or incomplete information from Defendants' website via telephone and email, but to no avail. They were unable to reach anyone at Radaris by telephone who could help them remove information and were placed on interminable holds, and did not receive substantive responses to their emails. Moreover, even when Plaintiffs

CLASS ACTION COMPLAINT

and other consumers did supply information requested by Defendants as a precondition to correction, removal, or deletion, Defendants still did not remove their reports or inaccurate information and/or such information reappeared in their reports.  Plaintiffs, and each of them, were unable to obtain their complete reports and verify the accuracy of the complete contents thereof.

21. In its marketing and advertising, Defendants have promoted the use of their reports as a factor in establishing a person's eligibility for credit worthiness, employment, and housing.

22. For example, Defendants advertise their service to persons and entities performing background checks specifically in making hiring decisions.  The Radaris website states that its service can be used "[t]o conduct basic background checks on business partners or house help"[1] so that "[u]sers get to know professional or personal reputations prior to establishing a new relationship."[2]  A blog maintained by the Defendants contains numerous references to running background checks prior to making hiring decisions.[3]  Defendants also include on each profile a section that includes comments on that person's professional capacity.

23. Defendants also market their service to provide debtor and tenant reports.[4]  For example, Radaris's homepage promotes the service to "[r]eport any money owed to you or damages made by others.  This information becomes public and other people are put on notice.  System encourages debtors to pay-off debt and compensate damages.  On other hand, check if a person you are about to deal with has clean records."[5]

24. Moreover, Defendants assembles or evaluates information bearing consumers' character, general reputation, personal characteristics, and mode of living.[6]

25. Defendants advertised that their reports could be used for employment, credit, and tenant purposes and therefore expected or were aware that their reports would be used for such purposes.

---

[1] http://radaris.com/page/about (last accessed May 27, 2014).
[2] http://radaris.com/page/inthenews?id=1#1 (last accessed May 27, 2014).
[3] *See, e.g.*, http://blog.radaris.com/2014/02/24/never-hire-liar-fake-references/ (last accessed May 27, 2014).
[4] *See, e.g.*, blog.radaris.com/new-services-from-radaris-debtor-and-tenant-reports/ (last accessed May 27, 2014).
[5] https://radaris.com/ (last accessed September 8, 2014).
[6] *See, e.g.*, http://radaris.com/page/principles ("Check people's trustworthiness and reliability. Check their background information and their reputation.") (last accessed May 27, 2014).

4

CLASS ACTION COMPLAINT

26. Despite the stated uses of its reports, Defendants includes a disclaimer on their website stating that Radaris is not a credit reporting agency and does not offer consumer reports, and that "[n]one of the information offered by Radaris is to be considered for purposes of determining any entity or person's eligibility for credit, insurance, employment, housing, or for any other purposes covered under the FCRA."

27. At the same time, Defendants advertise their reports for a variety of other, often ambiguous, purposes, including "checking [someone's] reputation to see what others say about them," "manag[ing] risk when planning to deal with someone," check[ing] if a person you are about to deal with has clean records," and "learn[ing] about people in [your] neighborhood."[7] Defendants promote their service to enable users to "find a lost friend or family member" and "to learn your online date's history."[8]

28. Defendants also uses the names, photographs, and likenesses of California residents and deceased personalities for the purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages. Some of this content was removed from the original source but remained on the Radaris website long after.

29. Plaintiffs and upon information and belief other California residents did not give Defendants consent to use their names, photographs, and likenesses for the purpose of advertising and selling background checks and subscriptions and selling advertising space to third-party advertisers.

30. Defendants have caused Plaintiffs and other consumers actual and/or imminent harm by creating, displaying, and marketing inaccurate information about them, including harm to Plaintiffs' employment prospects, which has resulted in the loss of money or property, as well as harm to their safety and well-being. Plaintiff Huebner previously worked on government contracts, and Plaintiff Langton is a senior citizen. Plaintiffs have suffered actual harm in the form of anxiety, stress, fear, apprehension, worry and/or concern for their safety, reputation, well-being, and employment or employment prospects resulting from the dissemination of the personal information described hereinabove.

---

[7] https://radaris.com/ (last accessed September 6, 2014).
[8] https://radaris.com/page/about (last accessed September 6, 2014).

CLASS ACTION COMPLAINT

# CLASS ALLEGATIONS

31. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:

> All persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Defendants from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("Class")

32. Plaintiffs also bring this action on behalf of the following two California subclasses (together referred to as the "California Subclasses"):

> (a) All California residents who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Defendants from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("California Consumer Reporting Subclass").

> (b) All California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, have been used by Defendants on or in their products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without their prior consent from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("California Misappropriation Subclass").

33. The Class excludes counsel representing the Class, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other putative class members.

34. Plaintiffs reserve the right to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

35. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

## A. Numerosity

36. The potential members of the Class as defined are so numerous that joinder of all members of the Class is impracticable. Although the precise number of putative class members has

1    not been determined at this time, Plaintiffs are informed and believe that the proposed Class includes
2    millions of members.

3          **B.**      **Common Questions Predominate**

4          37. There are questions of law and fact common to the Class that predominate over any
5    questions affecting only individual putative Class members.  Thus proof of a common set of facts
6    will establish the right of each class member to recovery.  These common questions of law and fact
7    include but are not limited to:

8        a.    the means and methods by which Defendants comply, distribute, and sell consumer
9        reports to third parties;

10       b.    the extent and duration of Defendants' compilation, distribution, and sale of
11       consumer reports to third parties;

12       c.    whether Defendants' conduct described herein constitutes a violation of the Fair
13       Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*;

14       d.    whether Defendants' conduct described herein constitutes a violation of the
15       California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§
16       1786 *et seq.*;

17       e.    whether Defendants' conduct described herein constitutes a violation of the
18       California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et
19       seq.;

20       f.    whether Defendants' conduct described herein constitutes a violation of Cal. Civ.
21       Proc. Code § 3344;

22       g.    whether Defendants appropriated the names, likenesses, or identities of Plaintiffs
23       and California Misappropriation Subclass members without their consent;

24       h.    whether Defendants publicized information or material that showed Plaintiff and
25       California Subclass members in a false light; and

26       i.    whether Defendants' conduct described herein constitutes a violation of Cal. Bus.
27       & Prof. Code §§ 17200 *et seq.*

28

Case 2:19-cv-02036-RA-GJS Document 15-171 Filed 04/05/19 Page 10 of 29 Page ID
Case 2:19-cv-04735-VC Document 1 Filed 10/24/14 Page 9 of 28
#:271

### C. Typicality

38. Plaintiffs' claims are typical of the claims of the members of the putative Class because Plaintiffs' information and/or photos appeared on the Radaris website during the applicable class period without their consent and was erroneous. Plaintiffs and each Class member sustained similar injuries arising out of Defendants' conduct in violation of law. The injuries of each member of the Class were caused directly by Defendants' wrongful conduct. In addition, the factual underpinning of Defendants' misconduct is common to all members of the putative Class and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

### D. Adequacy

39. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Counsel who represent Plaintiffs and putative class members are experienced and competent in litigating class actions.

### E. Superiority of Class Action

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of putative Class members is not practicable, and questions of law and fact common to putative Class members predominate over any questions affecting only individual putative Class members. Each putative class member has been damaged and is entitled to recovery as a result of the violations alleged herein. Moreover, because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

41. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met because Defendants have acted or refused to act on

Case 2:19-cv-02086-RAO-GJS Document 15-17 Filed 04/05/19 Page 11 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/19 Page 10 of 26
#:272

grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as whole.

42. The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met because questions of law and fact common to each class member predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

43. Plaintiffs are unaware of any difficulties in managing this case that should preclude class action.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b**

#### *(Brought on behalf of the Class)*

44. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

45. The Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* was enacted in 1970 to ensure, among other things, that "consumer reporting agencies" adhere to strict guidelines for maintaining and distributing fair and accurate consumer reports.

46. The FCRA creates a set of individual consumer rights and a private right of action by which to vindicate those rights.

47. Defendants are a "consumer reporting agency" ("CRA") as defined by the FCRA because they assemble or evaluate consumer reports[9] and investigative consumer reports[10] for the purpose of providing them to third parties and uses means or facilities of interstate commerce for the purpose of preparing and furnishing those reports. *See* 15 U.S.C. § 1681a(f).

---

[9] Section 1681a(d)(1) of the FCRA defines "consumer report" as any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes, employment purposes, or other purposes identified by statute.

[10] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

CLASS ACTION COMPLAINT

48. Defendants are also a "nationwide specialty consumer reporting agency" as defined by the FCRA because they are "a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to (1) medical records or payments; (2) residential or tenant history; (3) check writing history; (4) employment history; or (5) insurance claims." 15 U.S.C. § 1681a(w).

49. The data Defendants compile, distribute, and/or sell to third-parties constitutes "consumer reports" as defined by the FCRA because it contains "written, oral, or other communication[s] of . . . information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d).

50. As alleged above, Defendants advertised that their reports could be used for credit, employment, or tenant-screening purposes, thus reflecting that Defendants expected these reports to be used for FCRA purposes.

51. Section 1681b(a) prohibits a CRA from furnishing consumer reports to persons whom the CRA does not have reason to believe have a "permissible purpose," which include use in credit transactions, insurance underwriting, employment purposes, investment purposes, and other uses specified in the FCRA.

52. The FCRA requires that every CRA maintain reasonable procedures to limit the furnishing of consumer reports to those with permissible purposes. These procedures require that the CRA, prior to furnishing a user with a consumer report, require the prospective users of the information to identify themselves to the CRA, certify the purpose for which the information is sought, and certify that the information will be used for no other purpose. The CRA must make a reasonable effort to verify the identity of each new prospective user and the uses certified prior to furnishing such user a consumer report. In addition, Section 1681e(a) prohibits a CRA from

CLASS ACTION COMPLAINT

furnishing a consumer report to any person it has reasonable grounds to believe will not use the consumer report for a permissible purpose.

53. Defendants failed to maintain reasonable procedures to limit the furnishing of consumer reports for permissible purposes. For example, Defendants failed to require that prospective users of their reports identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Moreover, Defendants have furnished consumer reports to persons whom they have reasonable grounds to believe would not use the consumer report for a permissible purpose.

54. By failing to limit the furnishing of reports to those who had a permissible purpose to use such a report, Defendants have violated 15 U.S.C. § 1681e(a).

55. Further, Section 1681b(b)(1) of the FCRA mandates that a CRA only furnish a consumer report for employment purposes if it ensures that the person who obtains the report complies with certain disclosure requirements ("FCRA disclosures").

56. The FCRA disclosures inform consumers that a consumer report may be used for employment purposes and inform employers that they must provide consumers with certain information if any adverse action is taken based in whole or in part on the report.

57. As alleged above, Defendants promote their services to employers for use in making employment decisions.

58. Defendants have furnished consumer reports for employment purposes but has failed to make the FCRA disclosures required by Section 1681b.

59. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above.

60. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

///

///

///

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e**

***(Brought on behalf of the Class)***

61. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

62. Section 1681e(d)(1) of the FCRA requires that a CRA provide to any person who regularly and in the ordinary course of business furnishes information about any consumer to the consumer reporting agency ("Furnisher") a "Notice to Furnishers of Information:  Obligations under the FCRA" ("Furnisher Notice").

63. Section 1681e(d)(2) requires that a CRA provide to any person to whom it provides a consumer report ("Users") a "Notice to Users of Consumer Reports:  Obligations to Users under the FCRA" ("User Notice").

64. The Furnisher Notices and User Notices inform Furnishers and Users of their responsibilities under the FCRA, such as a Furnisher's responsibility to provide accurate information or a User's responsibility to provide adverse-action notice.

65. Defendants have failed to provide Furnisher Notices to Furnishers and User Notices to Users as required by the FCRA.

66. Moreover, Section 1681e(b) mandates that when a CRA prepares a consumer report that is shall follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

67. Defendants have failed to follow reasonable procedures to assure the maximum possible accuracy of the information that they provide in their consumer reports.  Indeed, Defendants repeatedly admit that they do not make any effort to verify or evaluate its data.

68. By and through the acts and practices described herein, Defendants have violated 15 U.S.C. § 1681e(b).

69. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above.
///

---

12

CLASS ACTION COMPLAINT

70. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

## **THIRD CAUSE OF ACTION**

### **VIOLATION OF THE FAIR CREDIT REPORTING ACT,**

### **15 U.S.C. § 1681g & h**

### *(Brought on behalf of the Class)*

71. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

72. Defendants violated Section 15 U.S.C. § 1681g of the FCRA by failing to disclose to Plaintiffs and other members of the Class, among other things, all the information in the their files when they request file disclosures, failing to disclose the sources of that information, failing to identify each person who procured a consumer report, and failing to provide them with a summary of rights prepared by the Bureau of Consumer Financial Protection.

73. Moreover, Defendants violated Section 15 U.S.C. § 1681h of the FCRA by failing to provide the foregoing disclosures in writing or by other means agreed upon by the Plaintiffs and other members of the Class, and by failing provide trained personnel to explain to consumers the information disclosed.

74. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above.

75. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

///

///

///

///

///

13

CLASS ACTION COMPLAINT

Case 2:19-cv-02036-RAo-GJS Document 15-17 Filed 04/05/19 Page 16 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/14 Page 15 of 26
#:277

# FOURTH CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT,

## 15 U.S.C. § 1681i

### *(Brought on behalf of the Class)*

76. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

77. Defendants violated Section 15 U.S.C. § 1681i of the FCRA by failing, upon notification by Plaintiffs and other members of the Class, to conduct a reasonable reinvestigation to determine whether disputed information contained in their consumer reports was inaccurate, delete or modify this information within 30 days, and notify Plaintiffs and other members of the Class of the result of the reinvestigation consistent with 15 U.S.C. § 1681i(a)(6)(B).

78. Furthermore, Defendants violated this section by failing to maintain reasonable procedures to prevent the reappearance of deleted material in consumer reports and provide Plaintiffs and other members of the Class with notice of any reinsertion within five days of reinsertion. Nor did Defendants provide Furnishers with notification of the dispute and provide them with relevant information regarding the dispute.

79. Moreover, whenever information was deleted, Defendants failed to notify Plaintiffs and other members of the Class by telephone and in writing and inform them of their right to request that notice of the deleted disputed information be provided to persons who had obtained their reports.

80. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above.

81. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

///

///

///

14

CLASS ACTION COMPLAINT

Case 2:19-cv-02036-RAO-GJS Document 15-17 Filed 04/05/19 Page 17 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/19 Page 16 of 26
#:278

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681j

#### *(Brought on behalf of the Class)*

82. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

83. Section 1681j(a)(1)(C) of the FCRA directs the Federal Trade Commission ("FTC") to establish streamlined processes for consumers to request free annual file disclosures. The FTC promulgated the Streamlined Process Rule, which is codified at 12 C.F.R. §§ 1022.130 *et seq.* The rule requires, among other things, that a nationwide specialty CRA, like Radaris, provide consumers with a toll-free number to request annual file disclosures and that the telephone number is prominently posted on any website owned or maintained by the nationwide specialty consumer reporting agency, as well as instructions to request disclosures by any additional available request methods.

84. Defendants have failed to establish the processes required by the Streamlined Process Rule. In particular, Defendants have failed to post a toll-free telephone number on the Radaris website through which consumers can request free annual file disclosures.

85. As a result of the conduct described herein and the willful violations of Sections 1681e(d) and 1681e(b), Plaintiffs and the Class have suffered harm as described herein. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA INVESTIGATIVE CONSUMER REPORTING

### AGENCIES ACT ("ICRAA"), CAL. CIV. CODE §§ 1786 *ET SEQ.*

#### *(Brought on behalf of the California Consumer Reporting Subclass)*

86. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

///

15

CLASS ACTION COMPLAINT

Case 2:19-cv-02036-RAoGJS-Document 15-17 Filed 04/05/19 Page 18 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/14 Page 17 of 26
#:279

87. Radaris is an "investigative consumer reporting agency" under the ICRAA because it engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties for monetary fees or dues.

88. The data Defendants furnish constitutes "investigative consumer reports" under the ICRAA because it contains information on a consumers' character, general reputation, personal characteristics, or mode of living which Defendants obtain through any means.

89. The ICRAA requires every investigative consumer reporting agency to, upon request and proper identification of any consumer, allow the consumer to visually inspect all files maintained regarding the consumer at the time of the request. Cal. Civ. Code § 1786.10(b). An investigative consumer reporting agency that provides an investigative consumer report to a person other than the consumer shall make a copy of that report available, upon request and proper identification, to the consumer for at least two years after the date that the report is provided to the other person. Cal. Civ. Code § 1786.11.

90. The investigative consumer reporting agency must identify the recipients of any investigative consumer report on the consumer that the investigative consumer reporting agency has furnished for any purpose within the three-year period preceding the request. Cal. Civ. Code § 1786.10(c).

91. Defendants violate the ICRAA because they do not allow consumers to inspect all files maintained on the consumer and do not make a copy of a report available, upon request and proper identification, to the consumer when Defendants provide a report to a person other than the consumer; nor do Defendants identify the recipients of any report on the consumer that Defendants have furnished within the preceding three-year period.

92. Moreover, Defendants fail to maintain reasonable procedures designed to limit furnishing of consumer reports for purposes specified under Section 1786.12 of the ICRAA, including requiring prospective users of the information to identify themselves, certify the purposes for which the information is sought and that the information will be used for no other purposes, and certify that they have made applicable disclosures to consumers under Section 1786.16(a)(4)

16

Case 2:19-cv-02036-RAO-GJS Document 15-17 Filed 04/05/19 Page 19 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/23/14 Page 18 of 28
#:280

1   consisting, among other things, of a clear and conspicuous disclosure in writing to consumers that

2   an investigative consumer report may be obtained, the permissible purpose of the report, the scope

3   of the investigation, and name and contact information of the investigative consumer reporting

4   agency.

5         93. In violation of the ICRAA Defendants make no effort to verify the identity of a new

6   prospective user of its reports and the uses by the prospective user prior to furnishing the user any

7   investigative consumer reports; nor do Defendants obtain the written agreement from users that its

8   reports will be used only for the purposes listed in Section 1786.12.

9         94. As alleged above, Defendants' reports contain numerous inaccuracies, and the

10   company does not follow reasonable procedures to assure the maximum possible accuracy of the

11   information concerning the individual about whom the report relates. Moreover, Defendants do not

12   maintain strict procedures designed to ensure that whenever public report information which is

13   likely to have an adverse effect on a consumer's ability to obtain employment is reported it is

14   complete and up to date.

15         95. Nor do Defendants have an effective procedure for reinvestigating and correcting or

16   deleting inaccurate or incomplete information in compliance with Section 1786.24 and, in direct

17   violation of that section, allows for the reinsertion of incomplete or inaccurate information after it

18   has been deleted and/or fails to maintain reasonable procedures designed to prevent the reappearance

19   in the file of a consumer and in investigative consumer reports of information that has been deleted

20   and fails to provide appropriate notices to the consumer that information has been deleted and their

21   right that notice of such deletion not be furnished to persons who have received investigative

22   consumer reports. Indeed, Defendants state that they cannot permanently remove information from

23   their reports.

24         96. As a result of Defendants' conduct described and their grossly negligent or willful

25   violations of the ICRAA, Plaintiffs and the Class have suffered harm as described herein and seek

26   damages and equitable relief, including injunctive relief, together with reasonable attorneys' fees

27   and costs.

28   ///

Case 2:19-cv-02026-RAOGJS Document 15-17 Filed 04/25/19 Page 20 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/19 Page 20 of 26 Page ID
#:281

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA"), CAL. CIV. CODE §§ 1785 *ET SEQ.***

*(Brought by Plaintiffs on behalf of the California Consumer Reporting Subclass)*

97. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

98. Plaintiffs are consumers within the meaning of Cal. Civ. Code § 1785.3(b).

99. Defendants are a consumer credit reporting agency within the meaning of Cal. Civ. Code § 1785.3(d). Defendants prepare and sell consumer credit reports within the meaning of Cal. Civ. Code §1785.3(c) in connection with transactions not initiated by the consumer and to third parties other than the consumer about whom the report is created and sold.

100. Defendants violated California Civil Code Section 1785.10(a)-(c) by failing to allow Plaintiffs and other members of the Class to inspect the files maintained by Defendants regarding them in response to their requests. Defendants violated Cal. Civ. Code § 1785.10(d) and (e) by failing to provide Plaintiffs and other members of the Class with the identity of recipients of reports regarding Plaintiffs and Class members or to identify inquiries regarding their files.

101. Defendants violated Cal. Civ. Code §§ 1785.11 and 1785.14 by failing to restrict the dissemination of reports regarding Plaintiffs and other members of the Class to recipients meeting the criteria specified in Sections 1785.11(a) and (b) and 1785.14(a) of the CCRAA.

102. Defendants violated Cal. Civ. Code § 1785.14(b) by failing to ensure that reports regarding Plaintiffs and Class members contained the maximum possible accuracy of the information contained therein.

103. Defendants violated Cal. Civ. Code § 1785.15 by failing to honor the requests of Plaintiffs and other Class members for copies of their files, as set forth in Section 1785.15.

104. Defendants violated Cal. Civ. Code § 1785.16 by failing to provide methods for Plaintiffs and other Class members to dispute information contained in their credit reports, to provide for correction and deletion of information in reports and to avoid reinsertion of inaccurate information in reports.

---

18

CLASS ACTION COMPLAINT

Case 2:19-cv-02086-RAoGJS-Document-15-17 Filed 04/05/19 Page 21 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/19 Page 20 of 26
#:282

105. Defendants failed to "maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date," in violation of Cal. Civ. Code § 1785.18(b).

106. Defendants failed to "specify in any report containing public record information the source from which that information was obtained, including the particular court, if there be such, and the date that the information was initially reported or publicized," in violation of Cal. Civ. Code § 1785.18(a).

107. As a result of Defendants' failure to comply with the CCRAA, Plaintiffs and other Class members have suffered injury as alleged herein.

108. Based on the foregoing, Defendants are liable to Plaintiffs and the putative Class for monetary damages, civil penalties, and injunctive relief, for both willful and negligent violations of the CCRAA, as permitted by Cal. Civ. Code § 1785.31.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 3344

### *(Brought by Plaintiffs on behalf of the California Misappropriation Subclass)*

109. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

110. As alleged hereinabove, Defendants have knowingly used the names, photographs, or likenesses, of Plaintiffs and other California consumers and deceased personalities for purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages.

111. Defendants have used the names, photographs, or likenesses, of Plaintiffs and other California consumers and deceased personalities without their consent.

112. As a direct and proximate result of said acts by Defendants, Plaintiffs and other California consumers have suffered damages, in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by them as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages.

Case 2:19-cv-02036-RAo-GJS Document 15-17 Filed 04/05/19 Page 22 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/19 Page 21 of 28
#:283

113. In doing the acts alleged herein, Defendants, by and through its agents and representatives, acted with malice, oppression, or fraud and with a willful and knowing disregard of the rights or safety of Plaintiffs and other California consumers and has subjected them to cruel and unjust hardship and humiliation in conscious disregard of their rights by publicly disseminating inaccurate information with the intention of depriving them of their property rights and has acted with reckless disregard to their safety and reputation, as described herein above.

114. Defendants will continue using the misappropriated likenesses of Plaintiffs and other California consumers members for purposes of promoting their website and online presence, selling consumer reports and advertising space, and for its overall advantage, including but not limited to commercial gain and profit. Unless and until enjoined and restrained by order of this Court, Defendants' continued use of the names, photographs, or likenesses of Plaintiffs and other California consumers will cause great and irreparable injury in the form of ongoing threats to their security and reputations.

115. Plaintiffs and other California consumers have no adequate remedy at law for the injuries being suffered in that a judgment for monetary damages alone will not end the invasion of their right of privacy or suffice to fully remedy their injuries.

### NINTH CAUSE OF ACTION

### INVASION OF COMMON LAW RIGHT OF PRIVACY – UNAUTHORIZED MISAPPROPRIATION OF LIKENESS

### *(Brought by Plaintiffs on behalf of the California Subclasses)*

116. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

117. By virtue of Defendants' wrongdoing and the facts alleged herein above, Defendants, separate and apart from any statutory violation of California Civil Code §3344, committed an invasion of Plaintiffs' and other consumers' right of privacy by using their names, likenesses, and identities without their permission.

118. The misappropriation of the names, likenesses, and identities of Plaintiffs and other members of the California Subclass was to Radaris's advantage in that Defendants used and

20

Case 2:19-cv-02036-RAo-GJS Document 15-17 Filed 04/05/19 Page 23 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/23/14 Page 23 of 26
#:284

1    disseminated their names, likenesses, and identities to promote their website, sell advertising space,

2    and sell consumer reports, and for their overall advantage.

3        119. The appropriation was unauthorized and without the consent or the consent of

4    Plaintiffs or other members of the California Subclass.

5        120. As a proximate result of the above misappropriation of likenesses, Plaintiffs and

6    Class members were exposed to loss of reputation, humiliation, embarrassment, fear for their safety,

7    hurt feelings, mental anguish, and suffering, all to their general damage in an amount according to

8    proof.

9        121. In making the misappropriation described above Defendants, by and through its

10    agents and representatives, acted with malice, oppression, or fraud and with a willful and knowing

11    disregard of the rights or safety of Plaintiffs and other California consumers and has subjected them

12    to cruel and unjust hardship and humiliation in conscious disregard of their rights by publicly

13    disseminating inaccurate information with the intention of depriving them of their property rights

14    and has acted with reckless disregard to their safety and reputation, as described herein above.

15                       **<u>TENTH CAUSE OF ACTION</u>**

16      **INVASION OF COMMON LAW RIGHT OF PRIVACY - PUBLICLY PLACING**

17          **PERSON IN FALSE LIGHT IN THE PUBLIC EYE**

18         ***(Brought by Plaintiffs on behalf of the California Subclasses)***

19        122. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the

20    same by reference as though set forth at length herein.

21        123. Defendants, without Plaintiffs' consent and the consent of other California Subclass

22    members, invaded Plaintiffs' and other California Subclass members' right of privacy by

23    publicizing information or material that showed them in a false light. As alleged above, the reports

24    created by Defendants contain numerous inaccuracies, including inaccuracies relating to age,

25    address, profession, and relatives, as well as incorrect or dated photographs.

26        124. The false light created by the publication of this information or material would be

27    highly offensive to a reasonable person in Plaintiffs' position and in the position of other California

28    Subclass members, especially those, like Plaintiff Huebner, who are seeking employment and the

21

Case 2:19-cv-02036-RAO-GJS Document 15-17 Filed 04/25/19 Page 24 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/14 Page 23 of 26
#:285

1   information Defendants report is incorrect or incomplete.  Moreover, being reported as a different

2   age or, though photographs or other images, shown as being a different person is highly offensive

3   to reasonable people.

4          125.  In creating the publicity described hereinabove, Defendants were negligent in

5   determining the truth of the information or whether a false impression would be created by its

6   publication, or else knew that the publication would create a false impression about Plaintiffs and

7   other members of the California Subclass or acted with reckless disregard for the truth.  In fact,

8   Defendants admit that they took no measures to ensure to accuracy of the information before it is

9   published and has been contacted by numerous members of the Class, including Plaintiffs, regarding

10  inaccuracies in its reports but has failed to timely remedy them.

11         126.  As a proximate result of the above-mentioned disclosure and depictions, Plaintiffs

12  and California Subclass members suffered harm, including but not limited to mental and emotion

13  distress, apprehension for their safety, loss of time, injury to their reputation, and detriment to their

14  job prospects and in their professions, and consequently, Plaintiffs and California Subclass members

15  are entitled to general damages in an amount according to proof.

16         127. In doing the acts alleged herein, Defendants, by and through their agents and

17  representatives, acted with malice, oppression, or fraud and with a willful and knowing disregard of

18  the rights or safety of  Plaintiffs and other California consumers and has subjected them to cruel and

19  unjust hardship and humiliation in conscious disregard of their rights by publicly disseminating

20  inaccurate information with the intention of depriving them of their property rights and has acted

21  with reckless disregard to their safety and reputation, as described hereinabove.

22         128.  Plaintiffs believe that Defendants will continue disclosing the above information.

23  Unless and until enjoined and restrained by order of this Court, Defendants' continued publication

24  will cause Plaintiffs and other California Subclass members great and irreparable injury.  Plaintiffs

25  have no adequate remedy at law for the injuries being suffered in that a judgment for monetary

26  damages will not end the invasion of their privacy and the privacy of other members of the California

27  Subclass.

28

---

22

**CLASS ACTION COMPLAINT**

Case 2:19-cv-02036-RAoGJS Document 15-17 Filed 04/05/19 Page 25 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/23/14 Page 25 of 28
#:286

# ELEVENTH CAUSE OF ACTION

## UNLAWFUL AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS

## AND PROFESSIONS CODE § 17200, *ET SEQ.*

### *(Brought by Plaintiffs on behalf of the California Subclasses)*

129. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

130. California's Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice.  A business need only meet one of the three criteria to be considered unfair competition.

131. An unlawful business practice is anything that can properly be called a business practice that at the same time is forbidden by law.

132. As described above, Defendants have violated the "unlawful" prong of the UCL in that Defendants' conduct violates numerous provisions of the FCRA, CCRAA, ICRAA, as well as Cal. Civ. Code § 3344 and California common law relating to invasion of privacy.

133. Defendants have also violated the "unfair" prong of the UCL in that it gained an unfair business advantage by failing to produce accurate reports and otherwise take necessary steps to adhere to the FCRA, CCRAA, and ICRAA and California's statutory and common law relating to invasion of privacy, a practice that is substantially injurious to consumers and violates public policy, and is immoral, unethical, oppressive, and unscrupulous because the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

134. Defendants have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiffs' or California Subclass members' rights.

135. As a direct and proximate result of Defendants' conduct as alleged herein and its willful violations of the UCL, Plaintiffs and California Subclass members have lost money or property and suffered harm as described here, including but not limited to loss to their reputations in their personal and professional capacities, the misappropriation of his likenesses, fear for their security, and detriment to employment opportunities, among other things.

CLASS ACTION COMPLAINT

Case 2:19-cv-02036-RAOGJS Document 15-17 Filed 04/25/19 Page 26 of 29 Page ID
Case 2:14-cv-04735-VC Document 1 Filed 10/25/19 Page 26 of 28
#:287

136. Pursuant to California Business & Professions Code § 17203, Plaintiffs seek an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein and/or ordering Defendants to perform their obligations under the law and the cancellation of any illegal obligations.

137. Plaintiffs additionally request an order from the Court requiring that Defendants to provide complete equitable relief, including but not limited to that Defendants disgorge profits and return or pay to Plaintiffs and the members of the California Subclass all of their ill-gotten gains obtained from the unlawful and unfair conduct alleged herein.  Plaintiffs also request a court order that an asset freeze or constructive trust be imposed over all monies in Defendants possession which rightfully belongs to Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the other members of the putative class, prays as follows:

A. For an order certifying that this action is properly brought and may be maintained as a class action, that Plaintiffs be appointed the class representatives, and that Plaintiffs' counsel be appointed counsel for the class;

B. For compensatory damages according to proof, including general and special damages;

C. For statutory damages to the maximum extent allowable;

D. For an order declaring that Defendants' actions, as set out above, violate the FCRA, ICRAA, CCRAA, Cal. Civ. Code § 3344, and Cal. Bus. & Prof. Code § 17200 *et seq.*;

E. For injunctive relief as alleged hereinabove;

F. For punitive damages for causes of action for which they are available;

G. For an order awarding reasonable attorneys' fees and the costs of suit herein;

H. For an award of pre- and post-judgment interest;

I. For an order requiring an accounting for, and imposition of, a constructive trust upon all monies received by Defendants as a result of the unfair and unlawful conduct alleged herein; and

J. Such other and further relief as may be deemed necessary or appropriate.

24

CLASS ACTION COMPLAINT

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED:          October 24, 2014                    COUNSELONE, PC


By */s/ Anthony J. Orshansky*
    Anthony J. Orshansky
    Justin Kachadoorian
    Attorneys for Plaintiffs and the Putative
    Class

CLASS ACTION COMPLAINT

JS 44 (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1   U.S. Government
Plaintiff
- ❑ 2   U.S. Government
Defendant
- ❑ 3   Federal Question
*(U.S. Government Not a Party)*
- ❑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 470 Racketeer Influenced and |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 840 Trademark | Corrupt Organizations |
| Student Loans | ❑ 340 Marine | Injury Product | | | ❑ 480 Consumer Credit |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | | **LABOR** | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | Act | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 862 Black Lung (923) | ❑ 890 Other Statutory Actions |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | Relations | ❑ 863 DIWC/DIWW (405(g)) | ❑ 891 Agricultural Acts |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | ❑ 893 Environmental Matters |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 751 Family and Medical | ❑ 865 RSI (405(g)) | ❑ 895 Freedom of Information |
| | ❑ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❑ 790 Other Labor Litigation | | ❑ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❑ 899 Administrative Procedure |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | ❑ 950 Constitutionality of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1   Original Proceeding
- ❑ 2   Removed from State Court
- ❑ 3   Remanded from Appellate Court
- ❑ 4   Reinstated or Reopened
- ❑ 5   Transferred from Another District *(specify)*
- ❑ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❑ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

(Place an "X" in One Box Only)             ( ) SAN FRANCISCO/OAKLAND    ❑ SAN JOSE    ❑ EUREKA

Case 2:19-cv-02036-RAO-GJS Document 15-17 Filed 04/05/19 Page 29 of 29 Page ID
#:290
JS 44 Reverse (Rev. 12/12)     Case 2:14-cv-04735-VC   Document 1-1   Filed 10/24/14   Page 2 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.