JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

On March 21, 2019, the Court issued an Order dismissing the complaint filed by plaintiff Bitseller Expert Limited ("Plaintiff") against defendant Verisign, Inc. ("Defendant") with leave to amend, and ordered Plaintiff to show cause why this action should not be dismissed or transferred for improper venue.  (Docket No. 11.)  The Court is now in receipt of Plaintiff's First Amended Complaint ("FAC," Docket No. 14) and response to the Order to Show Cause (Docket No. 15).  Defendant has not appeared in this action.

28 U.S.C. § 1391(b) provides that

> [a] civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A district court may sua sponte dismiss or transfer an action under section 1406(a) as long as a defendant has not waived its right to object to venue.  Costlow v. Weeks, 790 F.2d 1486, 1487-88 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

**Section 1391(b)(1)**

Plaintiff alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because [Defendant] resides in this judicial district." (FAC ¶ 6.) Defendant is alleged to be "a corporation incorporated in the State of Delaware and under the laws of Delaware with a principal place of business [in] . . . Reston, VA . . . ." (Id. ¶ 2.) Plaintiff also alleges that Defendant has been registered with the Secretary of State to do business in California since 1995; maintains an office in California; "maintains significant physical resources in the State of California (including technology, personnel and other assets) that relate to the operation of its domain registry business"; has signed an agreement with the Internet Corporation for Assigned Names and Numbers allowing Defendant to "operate[] and maintain[] the .com registry (which includes the radaris.com domain name that is the subject of this lawsuit)" and which agreement "is subject to the jurisdiction and exclusive venue of the courts located in Los Angeles County, California, within this Judicial District"[1]; "maintains significant physical resources in the State of California (including servers, employees and other assets) that relate to the operation of its domain registry business"; and "has availed itself of the privilege of doing business in this Judicial District," including by participating in litigation in this District. (Id. ¶¶ 7-9; see Docket No. 15 at 2, 3-6.)

For venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out-of-state defendant. Fed. R. Civ. P. 4(k). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 thus imposes limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977) (quoting Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975). A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there."

---

[1] Plaintiff has not established that venue is proper in this District as a result of that forum-selection clause, as Plaintiff has not "demonstrate[d] [a] direct relationship with the contract . . . or with one of the parties to that contract," such as by showing that Plaintiff is "(1) a third-party beneficiary to the contract; (2) a successor in interest to the contract; or (3) an agent intended to benefit from the clause." See Notorious B.I.G. LLC v. Hutson, No. CV 14-02415 SJO (JCx), 2014 WL 12589626, at *3 (C.D. Cal. July 3, 2014) (internal quotation marks omitted). Plaintiff does not assert any such relationship, and in fact the agreement expressly provides that it "shall not be construed to create any obligation by either ICAAN . . . or [Defendant] to any non-party to this Agreement, including any registrar or registered name holder." (Docket No. 15-11 at 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))).

Here, neither Defendant's state of incorporation nor principal place of business, the "paradigm all-purpose forums" where a corporation is subject to general jurisdiction, are in California. See Daimler AG v. Bauman, __ U.S. __, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014). Neither Defendant's maintenance of a server facility or other resources nor its registration to do business in California is sufficient to subject it to general jurisdiction. See, e.g., Ayunan v. Caktiong, No. CV 15-9355-RSWL-PLAx, 2016 WL 738288, at *5-7 (C.D. Cal. Feb. 23, 2016). Nor does that fact that Defendant has previously litigated unrelated actions in this District establish that it is subject to personal jurisdiction. See Webcor Constr., LP v. Zurich Am. Ins. Co., No. 17-cv-02220-YGR, 2017 WL 5068674, at *3 (N.D. Cal. Nov. 3, 2017) (distinguishing cases "in which the defendant had admitted facts in other litigation indicating that personal jurisdiction was proper in a particular court" and finding that because no similar evidence was presented, "the unrelated litigation does nothing to establish continuous and systematic activity in California by [the defendant]"). "[I]n an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Daimler, 134 S. Ct. at 761 n.19 (citation omitted); see Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014). Plaintiff fails to demonstrate that such circumstances are present here.

Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. Data Disc, 557 F.2d at 1287. In order for the forum state to properly assert jurisdiction over an out-of-state defendant, the defendant must have purposefully directed its activities towards residents of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Further, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). As to the first part of the test, a "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Id. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 475-76). The purposeful direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing Bancroft & Masters, 223 F.3d at 1087; Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)).

Here, Plaintiff asserts causes of action for conversion and trespass to chattels relating to the allegedly wrongful transfer of a domain name operated by Plaintiff. (FAC ¶¶ 39-49.) Because these are tort claims, a "purposeful direction" analysis applies. See, e.g., Freedman v. Peck, No. CV 10-04447 DDP (FMOx), 2010 WL 3749294, at *2 & n.2 (C.D. Cal. Sept. 21, 2010) (applying "purposeful direction" analysis to claim for conversion). There is no indication that in transferring the domain name, Defendant "expressly aimed" its conduct at California, or that Defendant knew that any harm from that transfer would be suffered here. Plaintiff's claims revolve around the transfer of its domain name in the course of litigation that took place in the Northern District of California. None of the defendants in that litigation, from whom the domain names were transferred, appear to be located in California. (FAC ¶ 17.) Nor is Plaintiff, which is incorporated in the Republic of Cyprus and has its

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

principal place of business in Ukraine. (Id. ¶ 5; see also Docket No. 15 at 6 (stating that Plaintiff "has no specific connection to the Central District of California").) It is not relevant that Defendant may have acted at the behest of third parties located in this District (see Docket No. 15 at 1-2, 7-8); the "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." Picot v. Weston, 780 F.3d 1206, 1214 (9th Cir. 2015). The Court thus finds that neither the second nor the third prong of the Calder "effects" test is satisfied. See, e.g., One True Vine, LLC v. Liquid Brands LLC, No. C 10-04102 SBA, 2011 WL 2148933, at *7 (N.D. Cal. May 31, 2011) ("Since Defendant did not know that Plaintiff was located in this forum, it logically could not have known that the harm from [its conduct] would be suffered here."); see also B.J.F. v. PNI Dig. Media Inc., No. C15-1643-MJP, 2016 WL 4014113, at *3 (W.D. Wash. July 27, 2016) (finding lack of personal jurisdiction and improper venue in case involving data breach where the plaintiffs were not residents of the forum and no allegations in the complaint established how the use of the defendant's software was connected to the forum).

The Court thus concludes that Plaintiff has failed to allege facts establishing that Defendant is subject to personal jurisdiction in this District and, therefore, that venue is proper under section 1391(b)(1).

**Section 1391(b)(2)**

Plaintiff alleges that "[i]n the alternative, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district." (FAC ¶ 6.)

"[T]he Ninth Circuit has adopted the view that 'the locus of the injury' is a relevant factor in determining where a substantial part of the events or omissions occurred. Accordingly, some courts have concluded that, for purposes of venue, a defendant's acts over the internet may constitute 'events and omissions' in the venue where their effects are felt." Volks USA Inc. v. A2 Hosting, Inc., No. CV16-4277-CAS(Ex), 2016 WL 6808113, at *3 (C.D. Cal. Nov. 16, 2016) (citation omitted). As just discussed, Plaintiff is not located in this District, and it is not clear how effects of the allegedly wrongful transfer of the domain name otherwise would have been felt in this district. For those same reasons, the locus of Plaintiff's alleged injury is not in this District. See B.J.F., 2016 WL 4014113, at *3.

The Court thus concludes that Plaintiff has failed to allege facts establishing that a substantial part of the events giving rise to its claims occurred in this District and, therefore, that venue is proper under section 1391(b)(2).

**Section 1391(b)(3)**

Plaintiff alleged in its original complaint that "venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because there is no district in which the action may otherwise be brought and

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

[Defendant] is subject to this Court's personal jurisdiction with respect to this action." (Docket No. 1 ¶ 6.) Plaintiff no longer alleges that venue is proper under section 1391(b)(3) in the FAC, and Plaintiff concedes in its response to the Court's Order to Show Cause that this action could have been brought in the District of Delaware or the Eastern District of Virginia. (Docket No. 15 at 3.)

## Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has failed to establish that venue is proper in this District. Accordingly, the Court dismisses this action without prejudice for improper venue.

IT IS SO ORDERED.